CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

9/5/2024

LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JIEYANG CITY MELODY SHOES CO., LTD. ) ) Plaintiff, ) ) v. ) ) CONSOLIDATED SHOE COMPANY, INC., ) ) and ) ) TRADE WINDS IMPORTING, LLC, ) ) Defendants. ) | **JURY TRIAL DEMANDED**<br><br>Civil Action No. **6:24CV00046** |

## COMPLAINT

COMES NOW the Plaintiff, Jieyang City Melody Shoes Co., Ltd., by counsel, and files this Complaint against Consolidated Shoe Company. Inc. and Trade Winds Importing, LLC, Defendants, stating as follows:

### I.   Introduction

1. Between October 3, 2019 and January 7, 2020, the parties entered into a series of contracts for the manufacture and delivery of women's shoes.

2. Plaintiff produced and delivered goods requested by Defendants in a timely and acceptable manner in accordance with the terms of the contracts and the understood terms established by the course of dealing traditionally followed by the parties.

3. Plaintiff asserts that Defendants have failed to make payment for goods produced and delivered pursuant to eleven separate purchase orders/contracts.

4. Plaintiff is asserting breach of contract claims against Defendants for unpaid funds of $153,162.60 plus interest.

1

## II.   Juridiction and Venue

5.   This Court has original jurisdiction over this matter pursuant to 18 U.S.C. § 1331 because it arises out of a treaty of the United States. This is a civil action to enforce Plaintiff's rights under the United Nations Convention on Contracts for the International Sale of Goods ("UNCISG'"), which governs the contracts in this case, and to which both China (domicile of Plaintiff) and the United States (domicile of Defendants) are signatories.

6.   This Court also has jurisdiction pursuant to 18 U.S.C. § 1332.

7.   Venue is proper in this judicial district under 28 U.S. C. § 1391 because both Defendants reside in Virginia and in this judicial district. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim (Defendants' placement of orders and failure to pay on each contract) occurred in this district.

## III.   Parties

8.   Plaintiff hereby incorporates the preceding paragraphs as if set forth fully herein.

9.   Plaintiff, Jieyang City Melody Shoes Co., Ltd., ("Melody"), is a foreign business entity formed under the laws of the People's Republic of China, having a principal place of business located at F813 Jie Yang City Melody Shoes Co., Ltd., Xianqiao Jinsanjiao Industry Area, Jieyang City, Guang Dong Province, China.

10.   Plaintiff is a business entity that manufactures and supplies shoes for retail sale in numerous countries including the United States of America.

11.   Plaintiff regularly manufactures and delivers shoes for sale by business entities located in the United States of America.

12. Upon information and belief, Defendant, Consolidated Shoe Company, Inc., is a domestic corporation, incorporated and registered to conduct business in the Commonwealth of Virginia and having a principal place of business located at 22290 Timberlake Road, Lynchburg, VA 24502.

13. Upon information and belief, Defendant, Consolidated Shoe Company, Inc.'s registered agent is William A. Carrington, located at 22290 Timberlake Road, Lynchburg, VA 24502.

14. Upon information and belief, Defendant, Trade Winds Importing, LLC, is a domestic limited liability company registered to conduct business in the Commonwealth of Virginia and having a principal place of business located at 22290 Timberlake Road, Lynchburg, VA 24502.

15. Upon information and belief, Defendant, Trade Winds Importing, LLC's registered agent is William A. Carrington, located at 22290 Timberlake Road, Lynchburg, VA 24502.

### IV. Background

16. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

17. From 2009 to 2020 the parties enjoyed a fruitful business relationship.

18. Throughout the course of dealing between the parties, Defendants would receive requests for the manufacture and purchase of women's shoes from American-based customers. Upon receipt of such a customer request, Defendants would contact Plaintiff to inquire about the price of manufacturing a particular type of shoe. Plaintiff would in return provide an estimate of cost per pair of shoes. Once Plaintiff and Defendant reached an agreement on a price per pair, Defendants would thereafter enter into an

agreement with the customer regarding the price the customer would pay Defendants per pair.

19. Defendant would then place a purchase order with Plaintiff and Plaintiff would accept the order, manufacture, produce, and ship the goods to the American customer, typically a retail store operator.

20. The purchase orders submitted by Defendants to Plaintiff were for the production and delivery of various styles of shoes. Each order would identify the style of shoe by style number, as well as details regarding materials, color, etc. The order would specify the number of pairs of shoes and number of cartons to be delivered.

21. The terms of the agreement for the manufacture of each order of shoes were set forth in an invoice and included the price per pair to be manufactured, the manner of shipping and manner and timing of payment.

22. Each of the invoices required Defendants to pay Plaintiff for the goods within sixty days of shipping.

23. The business relationship between the parties was discontinued by Plaintiff in October 2020 as a result of Defendants' increasing unpaid invoices.

V. **PURCHASE ORDERS AND AMOUNTS OWED**

24. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

25. Between October 3, 2019 and January 7, 2020, Plaintiff accepted eleven separate purchase Orders from Defendants, attached hereto as <u>Exhibits A through K</u> (the "Purchase Orders').

26. Upon shipment of the goods for each Purchase Order, Plaintiff issued an

invoice to Defendants. The invoices for each Purchase Order are attached hereto as <u>Exhibits L through V</u> (the "Invoices"). Per the terms of the Invoices, Plaintiff expected to receive full payment for each Purchase Order within sixty days of shipping the requested goods. Defendants have failed to pay Plaintiff any amount for goods and services performed with respect to the eleven Purchase Orders, with the corresponding Invoices totaling $153,162.60.

16.     Between March and October of 2020, Plaintiff manufactured, produced, shipped and delivered goods pursuant to the following Purchase Orders with the corresponding outstanding invoiced amounts:

a. Order No: 50036142 (Exh. A)           $19,034.40 (Exh. L)
Delivered March 27, 2020

b. Order No: 50036143 (Exh. B)           $3,399.00 (Exh. M)
Delivered March 27, 2020

c. Order No: 50036176 (Exh. C)           $42,134.30 (Exh. N)
Delivered March 27, 2020

d. Order No: 50036177 (Exh. D)           $10,602.00 (Exh. O)
Delivered March 27, 2020

e. Order No: 50036244 (Exh. E)           $35,851.20 (Exh. P)
Delivered March 27, 2020

f. Order No: 50036245 (Exh. F)           $9,021.00 (Exh. Q)
Delivered March 27, 2020

g. Order No: 50036295 (Exh. G)           $5,470.80 (Exh. R)
Delivered March 27, 2020

h. Order No: 50036306 (Exh. H)           $6,429.60 (Exh. S)
Delivered March 27, 2020

i. Order No: 50036288 (Exh. I)           $14,968.80 (Exh. T)
Delivered March 30, 2020

j. Order No: 50036289 (Exh. J)           $2,673.00 (Exh. U)
Delivered March 30, 2020

  k. Order No: 9925 (Exh. K)    $3,578.40 (Exh. V)
  Delivered October 30, 2020

  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

  Total:           **$153,162.60**

28. Each of the Purchase Orders fulfilled by Plaintiff identifies Trade Winds Importing, LLC located at 22290 Timberlake Road, P.O. Box 10549, Lynchburg, VA 24502 as the original source of the purchase order.

29. Each of the Invoices is signed by a representative of Consolidated Shoe Co., Ltd., which, upon information and belief, is or was a Hong Kong subsidiary, affiliate, or alter ego of Defendant, Consolidated Shoe Co., Inc., to indicate Defendants' acceptance of the purchase terms.

30. Upon information and belief, Defendants received payment from their customers for each of the Purchase Orders, yet still failed to pay Plaintiff for any of them.

## VI.  COUNTS I-XI
## BREACH OF ELEVEN CONTRACTS[1]

31. Plaintiff hereby incorporates the preceding paragraphs as if set forth fully herein.

32. Between October 3, 2019 and January 7, 2020, Plaintiff received eleven Purchase Orders (<u>Exhibits A through K</u>) from Defendants, wherein Defendants requested

---

[1] The breach of each purchase order is not set forth in a full, separate count for each purchase order because doing so would not "promote clarity" in the words of Rule 10. FED. R. CIV. P. 10(b); it would only be repetitive. The terms of each Purchase Order and each Invoice are identical other than the type of shoe ordered, and Plaintiff makes an identical allegation with respect to each order: Plaintiff fulfilled its obligations and Defendants have failed to pay anything. If the Court requires Plaintiff to assign a numbered Count to each contract, Plaintiff identifies Count I as corresponding to Exhibit A, Count II as corresponding to Exhibit B, and so forth.

that Plaintiff manufacture, ship and deliver various styles of women's shoes to the United States for retail sale.

33. During this time, Plaintiff accepted all eleven of the Purchase Orders as evidenced by the fact that Plaintiff manufactured, shipped and delivered the goods requested by Defendants, thereby performing all obligations to Defendants under the Purchase Orders.

34. In return for Plaintiff's performance, Defendants had an obligation to pay Plaintiff the total cost of each purchase within sixty (60) days of the date the goods were shipped, as indicated on each Invoice (Exhibits L through V).

35. Defendants have failed to pay Plaintiff the sum of $153,162.60 for the goods Plaintiff manufactured and delivered under the eleven contracts.

36. As a result, Defendants are in breach of eleven contracts entered into with Plaintiff, evidenced by the Purchase Orders and Invoices attached hereto.

37. Plaintiff has therefore been damaged in the amount of $153,162.60 plus interest.

38. Article 78 of the UNCISG permits a non-breaching party to be granted interest for the late or non-payment of goods delivered.

39. The place of payment of the contracts at issue in this matter is the People's Republic of China.

40. The applicable interest rate in the People's Republic of China during the time of the orders in question is 3.85%.

41. Defendants' breach of these contracts has caused extensive financial damage to Plaintiff.

42. WHEREFORE, Plaintiff, Jieyang City Melody Shoes Co., Ltd., respectfully requests that this Honorable Court grant judgment in its favor and against Defendants, Consolidated Shoe Company, Inc. and Trade Winds Importing, LLC, in the amount of $153,162.60 plus interest at the rate of 3.85%, and order that Plaintiff be awarded the full cost of this proceeding, including all attorney fees and expenses, along with such additional relief as this Court deems just and proper.

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully Submitted,

JIEYANG CITY MELODY SHOES CO., LTD

_____
E. Albion Armfield

Rhonda L. Overstreet, VSB No. 35717
rhonda@overstreetsloan.com
E. Albion Armfield, VSB No. 43808
albie@overstreetsloan.com
Overstreet Sloan, PLLC
300 Enterprise Dr., Suite D
Forest, VA 24551
P: 434.525.8579
F: 540.597.1024
Counsel for Plaintiff